**The STATE of Ohio, Appellee,**

**v.**

**PARSONS, Appellant.**

[Cite as *State v. Parsons* (1997), 122 Ohio App.3d 284.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA97–03–044.

Decided Aug. 4, 1997.

*John F. Holcomb*, Butler County Prosecuting Attorney, and *Sara Hein*, Assistant Prosecuting Attorney, for appellee.

*H. Louis Sirkin* and *Anita P. Berding*, for appellant.

Powell, Presiding Judge.

On July 23, 1996, defendant-appellant, Keith Parsons, was charged with two counts of contributing to the unruliness of a child and two counts of disseminating matter harmful to juveniles in violation of R.C. 2919.24 and 2907.31. Appellant entered not guilty pleas to all four charges, and the case was tried to a jury in Butler County Juvenile Court on October 3, 1996. The jury convicted appellant of all four charges.

The juvenile court held a sentencing hearing on November 13, 1996. Appellant was sentenced to a six-month term of imprisonment for contributing to the unruliness of a child in case No. JV96–07–2261. Appellant was also sentenced to a six-month term of imprisonment on each of the three remaining charges. The juvenile court suspended the latter three sentences and placed appellant on probation for a term of three years.

On December 4, 1996, the juvenile court issued four separate sentencing entries. The sentencing entry in case No. JV96–07–2261 erroneously indicated that the six-month sentence the juvenile court had imposed on the first count of contributing to the unruliness of a child had been suspended. The juvenile court subsequently issued a corrected judgment entry on February 27, 1997 that indicated that the six-month sentence it had imposed in case No. JV96–07–2261 had not been suspended. The state then filed a motion to correct the sentencing entry in case No. JV96–07–2261 *nunc pro tunc*. The juvenile court thereafter filed a *nunc pro tunc* judgment entry on April 10, 1997, in which it again indicated that the six-month sentence it had imposed in case No. JV96–07–2261 had not been suspended. Appellant now appeals, setting forth the following assignment of error:

"The lower court's imposition of a more severe sentence after execution of defendant–appellant's original sentence violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution."

The Double Jeopardy Clauses of the Ohio and United States Constitutions bar a trial court from modifying a sentence by increasing it after execution of that sentence has commenced. *United States v. Benz* (1931), 282 U.S. 304, 307, 51 S.Ct. 113, 114, 75 L.Ed. 354, 356–357; *State v. Ballard* (1991), 77 Ohio App.3d 595, 597, 602 N.E.2d 1234, 1235–1236; *Brook Park v. Necak* (1986), 30 Ohio App.3d 118, 120, 30 OBR 218, 220, 506 N.E.2d 936, 938–939. However, double jeopardy principles do not preclude a trial court from correcting an erroneous sentencing entry so that it accurately reflects the penalty imposed at the sentencing hearing, regardless of whether the defendant has already begun to serve his sentence. *State v. Stevens* (Aug. 2, 1995), Summit App. No. 16998, unreported, 1995 WL 464721.

The transcript of the November 13, 1996 sentencing hearing clearly indicates that the juvenile court did not suspend the six-month term of imprisonment it imposed for contributing to the unruliness of a child in case No. JV96–07–2261. The fact that the original December 4, 1996 sentencing entry in case No. JV96–07–2261 erroneously indicated that the six-month sentence had been suspended was unquestionably the result of an inadvertent oversight by the juvenile court. Both the February 27, 1997 amended sentencing entry and the April 10, 1997 *nunc pro tunc* entry merely corrected this error so that the final sentencing entry in case number JV96–07–2261 would accurately reflect the penalty imposed at the sentencing hearing and as such did not "increase" appellant's sentence after it had already begun to be served.

Accordingly, the juvenile court did not violate the constitutional protection against double jeopardy by correcting the sentencing entry in this case so that it accurately reflected the penalty which had actually been imposed. Appellant's sole assignment of error is therefore overruled, and the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

KOEHLER and WALSH, JJ., concur.