OPINION
Defendant-appellant, Robert D. Fugate, appeals the decision of the Butler County Court of Common Pleas revoking community control sanctions and imposing his original sentence of imprisonment. We affirm the decision of the trial court.
In the summer of 1996, appellant caused substantial injuries to a man when he attempted to run over him with a motor vehicle in the parking lot of the "Airport Saloon" in Middletown, Ohio. Appellant was indicted on one count of felonious assault and he later pled guilty to a reduced charge of attempted felonious assault. The trial court adjudicated appellant guilty of attempted felonious assault. At a sentencing hearing held on March 25, 1997, the trial court sentenced appellant to a term of three years in prison and ordered him to pay restitution to the victim in the amount of the victim's medical expenses. However, the trial court filed a judgment entry the very next day that inconsistently stated that appellant's term of imprisonment was for two years. The error in the judgment entry was presumably not noticed and therefore not corrected.
On October 22, 1997, the trial court granted judicial release to appellant and placed him on community control for a period not to exceed five years. Appellant was later convicted of domestic violence. As a result of this felony conviction, the trial court conducted a "probation violation hearing" and determined that appellant violated a condition of his judicial release in which he promised to obey all federal, state, and local laws. The trial court discovered at the hearing that its sentencing entry conflicted with the information Butler County Adult Probation recorded during the original sentencing hearing. The trial court reviewed the audiotapes from the sentencing hearing in the presence of appellant, his attorney, and the attorney for the state. The tapes revealed that the trial court actually stated on the record that appellant would be sentenced to a three-year term of imprisonment for his crime. Over appellant's objections, the trial court corrected the original judgment of conviction entry with a nunc pro tunc entry on February 3, 2000.
Since appellant violated a condition of his judicial release, the trial court revoked appellant's release and community control sanctions. The trial court credited appellant for time served and sentenced him to serve the balance of his three-year term of imprisonment consecutively to the sentence imposed as a result of his conviction for domestic violence. Appellant appeals the decision of the trial court and raises four assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AND VIOLATED APPELLANT'S RIGHT TO DUE PROCESS OF LAW BY JOURNALIZING AN ENTRY WHICH INCREASES APPELLANT'S SENTENCE FROM TWO YEARS TO THREE YEARS[.]
Appellant argues in his first assignment of error that the trial court was without authority to file a nunc pro tunc entry so that the judgment of conviction reflected the sentence imposed by the trial court at the sentencing hearing. Appellant argues that the trial court's entry increased his sentence in violation of the Double Jeopardy Clauses of the Ohio and United States Constitutions.
The Double Jeopardy Clauses of the United States and Ohio Constitutions bar a trial court from modifying a sentence by increasing it after execution of that sentence has commenced. United States v. Benz (1931),282 U.S. 304, 307, 51 S.Ct. 113, 114; State v. Parsons (1997),122 Ohio App.3d 284, 286; State v. Ballard (1991), 77 Ohio App.3d 595,597. The constitutional guarantees against double jeopardy do not preclude a trial court from correcting an erroneous sentencing entry so that it accurately reflects the penalty imposed at the sentencing hearing, regardless of whether the defendant has already begun to serve his sentence. Parsons, 122 Ohio App.3d at 286.
Crim.R. 36 specifically authorizes the trial court to correct "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission * * * at any time." A trial court may use a nunc pro tunc entry to correct mistakes in judgments, orders and other parts of the record so the record speaks the truth. State v. Gruelich (1988), 61 Ohio App.3d 22, 24. A nunc protunc order is limited to memorializing what the trial court actually did at an earlier point in time, such as correcting a previously issued order that fails to reflect the trial court's true action. Id. It can be used to supply information in existence, but not recorded, to correct mathematical calculations, and to correct typographical or clerical errors. Id. Therefore, a nunc pro nunc entry may be used to correct a sentencing entry to reflect the sentence the trial court imposed upon a defendant at a sentencing hearing. Dean v. Maxwell (1963),174 Ohio St. 193, 198; Parsons, 122 Ohio App.3d at 286; State v. Francis
(Jan. 25, 2000), Guernsey App. No. 98CA13, unreported.
The transcript of appellant's original sentencing hearing demonstrates that the trial court sentenced appellant to serve a sentence of three years in prison. As the trial court recognized, the conflict between the pronouncements made to appellant in open court and the trial court's sentencing entry is the result of a typographical or clerical error. The trial court's March 3, 1997 nunc pro tunc entry merely corrected the error so that the sentencing entry would accurately reflect the penalty imposed at the sentencing hearing. The trial court's entry did not increase appellant's original sentence and violate appellant's right to be free from double jeopardy. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO [APPELLANT'S] PREJUDICE IN FAILING TO SENTENCE [APPELLANT] TO THE MINIMUM SENTENCE TERM[.]
In his second assignment of error, appellant argues that the trial court erred when it failed to sentence him to the shortest prison term authorized for attempted felonious assault. Appellant is essentially attempting to assign error to the sentence originally imposed by the trial court.
R.C. 2953.08, which governs appeal of felony sentences, states that a defendant generally must file an appeal of a sentence within the time limits specified in App.R. 4(B).[1] R.C. 2953.08(E). App.R. 4 provides that an appellant must file a notice of appeal in a criminal case within thirty days of the entry of the appealable judgment or order.
When a trial court grants judicial release to a defendant, the trial court reserves the right to reimpose the defendant's original prison sentence if the defendant violates any condition of his judicial release. R.C. 2929.20(I); State v. Gardner (Dec. 1, 1999), 1999 WL 1075424 at *3, Union App. No. 14-99-24, unreported. The defendant's original prison sentence is therefore "suspended" when a trial court grants judicial release. See id. Since the original sentence is only suspended, generally the appropriate time for a defendant to challenge its validity is within thirty days after the trial court files its sentencing entry, not when the trial court reimposes the suspended sentence. Gardner, 1999 WL 1075424 at *3.
The trial court filed the original judgment entry of appellant's sentence on March 26, 1997. Appellant did not appeal his sentence within thirty days of that entry and cannot challenge his original sentence at this time. Appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO [APPELLANT'S] PREJUDICE BY IMPOSING A CONSECUTIVE SENTENCE OF THREE YEARS[.]
 In his third assignment of error, appellant argues that the trial court erred by ordering him to serve the remainder of his sentence for attempted felonious assault consecutively to the sentence he received for the crime he committed while on judicial release. Appellant maintains that the trial court failed to engage in the statutory analysis mandated in R.C. 2929.14(E)(4).
Ordinarily, a trial court may impose consecutive terms of imprisonment only if it makes the findings required pursuant to R.C. 2929.14(E)(4).[2]
However, R.C. 2929.20(I) states:
 If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction * * * and shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense.
Contrary to the general felony sentencing scheme, R.C. 2929.20(I) does not require the trial court to make specific findings before ordering the defendant to serve his suspended sentence consecutively to any new sentence imposed as a result of the defendant's violation of a condition of his judicial release. See Gardner, 1999 WL 1075424 at *3.
The trial court determined that appellant violated a condition of his judicial release when he was convicted of domestic violence. The trial court ordered appellant to serve the remainder of his three-year term of imprisonment consecutively to the sentence that he received for domestic violence. The trial court was not required to make any findings before doing so. Appellant's third assignment of error is overruled.
Assignment of Error No. 4:
 COUNSEL REQUESTS THE COURT TO MAKE AN INDEPENDENT REVIEW OF THE RECORD TO DETERMINE WHETHER THE PROCEEDINGS ARE FREE FROM PREJUDICIAL ERROR.
In the fourth assignment of error, appellant's counsel states that he "has received correspondences [sic]" from appellant "eluding [sic] to potential issues for appeal in addition and/or other than those set forth by counsel * * *." Appellant cites Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, and requests that this court review the record in conjunction with appellant's letters, and independently determine whether there is prejudicial error.
In Anders, the United States Supreme Court established a procedure comporting with an indigent criminal defendant's Sixth Amendment right to the assistance of appellate counsel whereby appointed counsel may move to withdraw from the case if, after reviewing the entire record, he or she conscientiously decides that the appeal is wholly frivolous.386 U.S. at 744, 87 S.Ct. at 1400. An appellate court presented with such a motion is required to review the record to determine whether the appeal is indeed wholly frivolous. Id. If there are any arguably meritorious issues, the appeal is not frivolous and the court must ensure the defendant is afforded the assistance of appellate counsel. Id.
Counsel for appellant does not claim that the instant appeal is wholly frivolous. Contrary to Anders, appellate counsel filed a brief with three assignments of error to review. Anders does not authorize appellate counsel to interject a catch-all assignment into a criminal appeal, and there is no duty, constitutional or otherwise, requiring this court to independently review the record for prejudicial error in each criminal appeal. State v. Moby (Nov. 6, 2000), Butler App. No. CA2000-02-021, unreported; State v. Purdon (Nov. 10, 1997), Brown App. No. CA97-03-009, unreported; App.R. 12(A)(2). "An appellate court is not a performing bear, required to dance to each and every tune played on an appeal." State v. Watson (1998), 126 Ohio App.3d 316, 321. Appellant's fourth assignment of error is without merit and is overruled.
 __________________________ POWELL, P.J.
WALSH and VALEN, JJ., concur.
[1] There is an exception, which is inapplicable to this case, where a trial court "modifies" a sentence imposed for a first or second degree felony. R.C. 2953.08(E) and (B)(3).
[2] The trial court must make three findings under R.C. 2929.14(E). First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929(E)(4). Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must also find that one of the additional factors listed in R.C. 2929.14(E)(4)(a) through (c) applies.