## JUDICIAL DISCRETION IN THE FIXING OF A SENTENCE.

### Circuit Court of Cuyahoga County.

### BELFIORE SANTO v. STATE OF OHIO.

#### Decided, June 28, 1910.

*Criminal Law—Modification of Sentence in Felony Case During Term —Journal Evidence of Sentence.*

1. Where a court, in passing sentence for a felony or a misdemeanor, has acted under a misapprehension of the facts necessary and proper to be known in fixing the amount of the penalty, it may, in the exercise of judicial discretion and in furtherance of justice, at the same term, and before the original sentence has gone into operation or any action has been had upon it, revise and increase or diminish such sentence within the limits authorized by law.
2. The journal is the proper evidence of the sentence actually imposed in a criminal case, and it can not be contradicted by a bill of exceptions.

*J. V. Zottarelli* and *B. D. Nicola,* for plaintiff in error.
*John A. Cline* and *Ezra S. Brudno,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The plaintiff in error on the 8th day of February, 1910, pleaded guilty to the charge of rape on Mary Brown, a female person of the age of thirteen years, with her consent, and on the same day was duly sentenced to the penitentiary at hard labor for a period of one year. On the first day of March, 1910, before he was taken to the penitentiary, on motion of the prosecuting at-

torney, the sentence of one year was set aside and the defendant was sentenced to five years in the penitentiary at hard labor.

The question for our consideration is, had the court power to set aside the sentence of one year and sentence the defendant to five years, against his objection? We do not consider this an open question. In the case of *Lee* v. *State*, 32 Ohio St., 113, it was held:

"Where a court, in passing sentence for a misdemeanor, has acted under a misapprehension of the facts necessary and proper to be known in fixing the amount of the penalty, it may, in the exercise of judicial discretion and in furtherance of justice, at the same term, and before the original sentence has gone into operation or any action has been had upon it, revise and increase or diminish such sentence within the county authorized by law."

The bill of exceptions shows all the evidence heard by the trial judge upon the motion to set aside the sentence, and for re-sentencing, and shows that he was under a misapprehension of the facts that were necessary and proper to be known in fixing the amount of the penalty, and that therefore he was justified in acting as he did.

Our attention is called, however, to the fact that the syllabus of the Lee case limits the application of the doctrine therein stated to cases of misdemeanor. We do not consider this important in view of the authorities cited in the opinion of said case, which apply alike to felonies and misdemeanors. See also 12 Cyc., 783, and cases cited, and 15th Century Digest, Title Criminal Law, Section 2531.

Whatever distinction may be made in England in the application of this rule, between misdemeanors and felonies, has not been adopted in this country.

But, it is said, that after the first sentence and before the modification thereof, plaintiff in error served part of his sentence. This is important, for, if true, the judge was powerless to make any change in the sentence. We find the point, however, not well taken. The certificate of journal entries in the case shows the sentence of February 8, 1910, to be as follows:

"It is therefore considered by the court and it is the judgment
and the sentence of the law, that the defendant, Belfiore Santo,
be taken from the bar of this court to the jail of this county, and
thence by the sheriff of this county to the penitentiary of the
state of Ohio, and that he be imprisoned therein at hard labor,
for and during the term of one year, and that he pay the costs
of this prosecution, for which execution is hereby awarded.   It
is, however, no part of this sentence that said defendant be kept
in solitary confinement for any period of time in the cells of
said penitentiary."

The bill of exceptions shows that pursuant thereto, the de-
fendant was taken to jail, but had not yet been taken by the
sheriff to the state penitentiary at the time the court re-sen-
tenced him.

The point is attempted to be raised by a statement in the bill
of exceptions as follows:

"January 20, 1910.   Indictment.
"January 21, 1910.   To court.   Defendant pleads not guilty.
"February 8, 1910.   Motion to quash filed by defendant.
"February 8, 1910.   B. D. Nichols appointed to defend.   De-
fendant changes plea to guilty of rape.
"Whereupon the defendant was immediately brought before
the court for sentence, and the court sentenced the defendant as
follows:
" 'It is the judgment of the law and the sentence of the court
that you be taken hence to the jail of the county, there to be held
for the period of thirty days, that then you shall be taken to the
Ohio penitentiary and held at hard labor for the period of one
year, and pay the costs of prosecution.'
"Thereupon the defendant was taken to said jail, in pursu-
ance of the above sentence."

It may be possible that the trial judge used the language at-
tributed to him in the bill of exceptions, apparently making a
part of the sentence imprisonment in the county jail for thirty
days.   But that is not important; for it is certain that the record
of his action found in the journal does not so state.   He may
have recognized his mistake or reconsidered his action before
the sentence was journalized, and so have corrected it to read as
the journal shows.   At any rate, the journal is the only evidence
we are at liberty to consider with regard to the sentence actually

imposed, and it can not be contradicted by anything contained in the bill of exceptions. It is apparent that the original sentence had not gone into operation or any action been had upon it before it was modified.

Judgment affirmed.