OPINION
On March 24, 2000, the Stark County Grand Jury indicted appellant, Jeffrey Oram, on one count of failure to comply with the order of a police officer in violation of R.C. 2921.331 (Count 1) and one count of operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (2) (Count 2).
On May 10, 2000, appellant pled guilty to the charges. On same date, the trial court granted treatment in lieu of conviction but ordered appellant to serve three days in jail.
On May 25, 2000, the trial court ordered a presentence investigation. On June 7, 2000, appellant filed a brief opposing any resentence. By judgment entry filed June 13, 2000, the trial court denied appellant's brief/motion, finding it lacked the power to grant treatment in lieu of conviction based upon the March 23, 2000 amendment to R.C. 2951.041.
A sentencing hearing was held on June 14, 2000. The trial court gave appellant the opportunity to withdraw his plea. Appellant did not withdraw his plea. By judgment entry filed June 19, 2000, the trial court sentenced appellant to three years of community control.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED AS A MATTER OF LAW BY RESENTENCING THE DEFENDANT AFTER THE DEFENDANT HAD BEGUN TO SERVE HIS SENTENCE.
 II THE TRIAL COURT ERRED AS A MATTER OF LAW BY DETERMINING THAT "TREATMENT IN LIEU OF CONVICTION" WAS NO LONGER AVAILABLE AS A SENTENCING OPTION TO DEFENDANT DUE TO A REVISION OF O.R.C. § 2951.041.
 I
Appellant claims the trial court erred in revoking a previous order granting him "treatment in lieu of conviction" for a violation of R.C.2921.331. We disagree.
The facts are not in dispute. Appellant was indicted on two counts, failure to comply with the order of a police officer in violation of R.C. 2921.331 (Count 1) and driving under the influence in violation of R.C. 4511.19(A)(1) and (2) (Count 2). On May 10, 2000, appellant pled guilty to both counts and the trial court granted "treatment in lieu, but defendant must serve 3 day DUI sentence." See, Hearing Disposition Sheet filed May 10, 2000. From the plea hearing transcript at 7, it is clear that the three day jail sentence was for Count 2, the DUI charge:
 Relative to the second charge, misdemeanor driving under the influence, the Court would impose the 3 day period of incarceration on that and the 30 day driver's license suspension.
The order for treatment in lieu of conviction was filed on May 10, 2000. On June 14, 2000, a hearing was held wherein the trial court rescinded the treatment in lieu of conviction order and sentenced appellant to "a three year basic supervisory period" subject to TASC evaluation and participation, random urinalysis and full time employment. T. at 4. At this hearing, the trial court afforded appellant the opportunity to withdraw his former plea of guilty. T. at 3. Appellant did not withdraw his plea. Id.
The single issue posed by this assignment of error is whether the trial court had the jurisdiction to rescind the treatment in lieu of conviction order and proceed to sentence under a straight guilty plea. The state argues appellant had not commenced his sentence because the three day sentence was for the DUI and the trial court had not journalized the sentence and the granting of treatment in lieu of conviction. Although we concur that the three day sentence was only for Count 2, we disagree that the treatment in lieu of conviction order was not journalized before the rescission. The May 10, 2000 filing was signed by the trial court and specifically granted "treatment in lieu of conviction."
Under United States v. Benz (1931), 282 U.S. 304, and Columbus v.Messer (1982), 7 Ohio App.3d 266, the question sub judice is whether the recession was made before the execution of the initial sentence or when appellant was "delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch."Messer at 268.
R.C. 2951.041 governs treatment in lieu of conviction. Subsection (F) does not provide for any sentence unless the offender fails to complete the treatment program:
 * * * the court immediately shall hold a hearing to determine if the offender failed treatment, failed to submit to or follow the prescribed treatment, did not satisfactorily complete the period of rehabilitation or any other condition ordered by the court, or violated any condition of the period of rehabilitation. If the court so determines, it immediately shall enter an adjudication of guilt and shall impose upon the offender a term of imprisonment.
Because there was no sentence or execution of any sentence to Count 1 (the count on which treatment in lieu of conviction was granted), we find the sentence had not commenced on said count and appellant could be denied treatment in lieu of conviction on June 14, 2000.
Assignment of Error I is denied.
 II
Appellant claims the trial court was wrong in finding R.C. 2951.041 did not apply to a violation of R.C. 2921.331. We disagree.
Appellant committed the crimes on January 3, 2000. R.C. 2951.041 was amended on March 23, 2000 to exclude felonies of the third degree. Because Count 1 was a felony of the third degree, the trial court found it "lacked the power to grant" treatment in lieu of conviction. See, Judgment Entry filed June 13, 2000. We concede the amended legislation is to be viewed prospectively. However, we find appellant is not eligible for treatment in lieu of conviction.
R.C. 2951.04(B)(1) provides that an offender is eligible for treatment in lieu of conviction if "[t]he offender's drug dependence or danger of drug dependence was a factor leading to the criminal activity with which the offender is charged, and rehabilitation through treatment would substantially reduce the likelihood of additional criminal activity." In his April 26, 2000 motion requesting treatment in lieu of conviction, appellant specifically stated he was "alcohol dependent" and in danger of becoming drug dependent. There is no evidence in the record to demonstrate that appellant was drug dependent.
Upon review, we find the trial court did not err in denying appellant's request for treatment in lieu of conviction.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
 __________ Farmer, J.
Farmer, J. and Wise, J. concur., Gwin, J. dissents.