CITY OF COLUMBUS, APPELLEE, *v.* MESSER, APPELLANT.

(No. 82AP-332—Decided August 24, 1982.)

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Ronald J. O'Brien,* city prosecutor, and *Mr. David E. Tingley,* for appellee.

*Mr. Tom H. Nagel,* for appellant Elmer Messer, Jr.

MARKUS, J. Defendant appeals from the driver's license suspension portion of his sentence by the Franklin County Municipal Court, following his guilty plea for driving a motor vehicle while under the influence of alcohol. He complains that the ultimate suspension constituted an unlawful increase in his sentence. We disagree, so we affirm.

The record reflects that defendant pled guilty to violation of the Columbus city ordinance which prohibits driving while under the influence of alcohol, on January 18, 1982. At defendant's request, the trial court deferred sentencing so that the defendant might complete an intensive in-patient alcohol rehabilitation program at a local hospital. The trial court's written entry for that date states:

"JUDGMENT ENTRY Court trial waived JURY WAIVED, ADVISED AS TO PLEAS AND RIGHT TO COUNSEL. COURT REPORTER WAIVED. PLEA OF GUILTY * * * by Def. & Def. Counsel. * * * ABLE TO PAY.

"* * * Sentencing on 3-24-82. Driver's License Suspended for 6 mths."

At the sentencing hearing on March 24, the trial court learned that defendant had not entered the in-patient alcohol control program. Instead, defendant had chosen to pursue only out-patient treatment. Defense counsel supplied the court with a letter from the hospital's alcoholism counselor which reported four out-patient counseling sessions with the defendant, during which progress was limited. The report stated:

"* * * Since that time, Mr. Messer has not followed through with treatment. Efforts on my part to contact Mr. Messer have been unsuccessful.

"I view Mr. Messer's difficulty in following through with outpatient treatment as characteristically addictive behavior. In my professional opinion, Mr. Messer is highly in need of in-patient treatment and has been placed on our waiting list for the same."

Defense counsel also acknowledged the accuracy of a presentence investigation report, showing that defendant had been convicted of seven traffic offenses during the six preceding years, at least five of which involved alcohol. Indeed, at the time of the offense involved in this guilty plea, the defendant was operating an automobile while his driver's license was suspended for a previous conviction of driving while intoxicated.

After affording the defendant and his counsel a full opportunity for allocution, the trial court journalized the following sentence:

"* * * 3-24-82 Sentence: Court costs to Def. Fine $100. 6 mths. in F.C.C.S. Driver's License Suspended for 3 YRS. — from date of 1-18-82. Work release program authorized."

Defendant's appeal to this court challenges the apparent modification in the duration of his driver's license suspension. Defendant's sole assignment of error asserts:

"The trial court acted contrary to law when it on March 24, 1982 extended the driver's rights suspension imposed upon appellant on January 18, 1982: Therefore the judgment entry of the court below should be modified to provide that the appellant's driving rights should be suspended for a period of six months from January 18, 1982."

Defendant does not challenge the trial court's authority to impose the fine or imprisonment sentence which was ordered. Although defense counsel refers to

adverse newspaper publicity suffered by his client before sentencing, no claim is made that the sentence can be shown to have resulted from improper influences on the court. Defendant's single contention is that the court had imposed a driver's license suspension on January 18, so it lacked authority to modify and increase that suspension on March 24. That contention lacks merit, because the trial judge had not completed entering sentence for this offense before March 24, particularly since the completion of sentencing was apparently deferred at defendant's request so that defendant might first demonstrate good faith efforts in an alcohol control program.

Double jeopardy restrictions prevent a trial court from modifying a completed sentence by increasing it after execution of that sentence has commenced. *Ex parte Lange* (1873), 85 U.S. 163; *United States v. Benz* (1931), 282 U.S. 304; *United States v. Chiarella* (C.A. 2, 1954), 214 F.2d 838. Where the full sentence involves imprisonment, the execution of the sentence is commenced when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch. *United States v. Benz, supra; United States v. Davidson* (C.A. 10, 1979), 597 F.2d 230, certiorari denied, 444 U.S. 861; *Santo v. State* (1910), 17 Ohio C.C. (N.S.) 110, 32 Ohio C.D. 50 (following *Lee v. State* [1877], 32 Ohio St. 113).

While the trial court has authority to vacate its previous sentence and impose a more severe punishment before execution of the sentence commences, that action cannot be taken for vindictive or improper reasons. *North Carolina v. Pearce* (1969), 395 U.S. 711 (imposing a heavier sentence on remand and reconviction to punish the defendant for pursuing a successful appeal). On the other hand, the original sentence can be vacated before execution commences, and a new, more severe sentence can be imposed where circumstances justify that action. *Beatty v.*

*Alston* (1975), 43 Ohio St. 2d 126 [72 O.O.2d 70] (original sentence imposed by incorrect judge); *State v. Papp* (1978), 64 Ohio App. 2d 203 (additional objective information obtained about defendant's conduct after the time of original sentence and appeal).

In this case, the trial judge did not complete sentencing the defendant before March 24. There was no final judgment until the sentencing had been completed. See Crim. R. 32(B). Therefore, the trial judge retained authority to modify an incomplete sentence, where the original order expressly designated that sentencing would be completed at a later time, and where the deferred completion of the sentence was undertaken at defendant's behest. Since the original order did not purport to be a complete sentence, the requirement that a previous sentence must be formally vacated before a new sentence can be imposed was inapplicable. Cf. *State v. Butler* (1974), 44 Ohio App. 2d 177 [73 O.O.2d 196].

Defendant cites no provision from the Criminal Rules or the Revised Code which prohibits fragmented sentencing, and we find no such provision. However, that practice should be strongly discouraged, because it permits unfortunate inferences about the court's motivations in later additions or modifications. Thus, this defendant has concern that his adverse newspaper publicity may have affected the judge's final sentence. While defendant does not assert that claim formally, and the record does not support any such claim, the defendant may have that lingering suspicion.

When the trial judge was in doubt as to the ultimate sentence, he would have been better advised to defer all parts of the sentence to a later date, or to impose the greatest sentence contemplated with the prerogative of reducing that sentence when he was satisfied that such action was warranted, in accordance with R.C. 2929.51. However, we cannot say that the trial court violated any governing rule or

statute, nor can we say there was an abuse of discretion, in the special circumstances of this case. Therefore, the final judgment must be affirmed.

*Judgment affirmed.*

REILLY and McCORMAC, JJ., concur.

MARKUS, J., of the Eighth Appellate District, sitting by assignment in the Tenth Appellate District.