The STATE of Ohio, Appellee,

v.

BALLARD, Appellant.

[Cite as *State v. Ballard* (1991), 77 Ohio App.3d 595.]

Court of Appeals of Ohio,
Clermont County.

No. CA91–04–025.

Decided Oct. 7, 1991.

*Donald W. White*, Prosecuting Attorney, and *David H. Hoffmann*, for appellee.

*Michael M. Schmieg*, for appellant.

WILLIAM W. YOUNG, Judge.

This is an appeal by defendant-appellant, Lisha K. Ballard, from a sentence rendered by the Clermont County Court of Common Pleas.

The record indicates that in November 1989, appellant was arrested and charged with endangering children, in violation of R.C. 2919.22(A), and domestic violence, in violation of R.C. 2919.25(A). On March 11, 1991, the case came on for trial before a jury. On March 13, 1991, the jury returned guilty verdicts on both counts.

Immediately following the close of the trial, the trial judge sentenced appellant to concurrent six-month sentences. Thereafter, appellant was removed to the Clermont County jail to serve her sentence. On March 15, 1991, the trial judge recalled appellant from the jail and, over appellant's objection, imposed consecutive six-month sentences. The trial court explained that the original sentence had been imposed under its "misimpression" that concurrent sentences were required for misdemeanors. The original sentence had not been reduced to writing when the trial court resentenced appellant on March 15, 1991.

Appellant appeals the modification of her sentence and sets forth one assignment of error as follows:

"The trial court erred in re-sentencing appellant after a proper, valid and legal sentence had been imposed."

Appellant's single contention is that the trial court's resentencing was improper and that the original sentence should be reinstated. In essence, appellant claims that since the execution of her initial sentence had commenced, the trial court lacked authority to modify and increase it.

A trial court has the authority to amend its sentence and impose a more severe punishment at any time before the execution of an initial sentence commences. *Columbus v. Messer* (1982), 7 Ohio App.3d 266, 7 OBR 347, 455 N.E.2d 519. In *Lee v. State* (1877), 32 Ohio St. 113, paragraph one of the syllabus, the Supreme Court of Ohio held that a misdemeanor sentence can be modified prior to execution if a trial court " * * * has acted under a misapprehension of the facts necessary and proper to be known in fixing the amount of penalty * * *."

However, once the execution of a sentence commences, an "increase [in] the penalty [would] subject the defendant to double punishment for the same offense." *United States v. Benz* (1931), 282 U.S. 304, 307, 51 S.Ct. 113, 114, 75 L.Ed. 354, 356. Thus, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution prevents a trial court from modifying a completed sentence by increasing it after execution of that sentence has commenced. Where the full sentence involves imprisonment, the execution of a sentence is commenced "when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch." *Columbus v. Messer, supra,* 7 Ohio App.3d 266, 268, 7 OBR 347, 348, 455 N.E.2d 519, 521. See, also, *Benz, supra.*

Here, it appears that the execution of the sentence did in fact commence before the trial court amended its sentence. On March 13, 1991, the trial judge signed a judgment entry of commitment and appellant was committed to the custody of the Clermont County Sheriff. Thereafter, appellant was delivered to the Clermont County jail wherein she was to serve the sentence imposed. Thus, appellant was transferred into executive custody and was serving her sentence on March 13, 1991. The trial court modified appellant's sentence on March 15, 1991, two days after the apparent execution of appellant's original sentence.

As we have previously noted, once a sentence is executed, the trial court may not modify a sentence except as provided by the legislature. *State v. Addison* (1987), 40 Ohio App.3d 7, 530 N.E.2d 1335. We cannot find, nor has the state provided us with, any statutory authority that grants a trial court the power to increase a sentence after it has been executed. Crim.R. 36 does

permit the trial court to correct "clerical mistakes" at any time. However, there is no contention in the instant action that a clerical mistake was made.

When addressing double jeopardy concerns as they pertain to constitutional limits on the time within which a district court may alter a sentence, federal courts have focused on whether or not a defendant has a legitimate expectation that his sentence is final. *United States v. Earley* (C.A.10, 1987), 816 F.2d 1428; *United States v. Bishop* (C.A.7, 1985), 774 F.2d 771. See, also, *United States v. DiFrancesco* (1980), 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328. In order to determine a point of constitutional finality for the sentencing process, most federal courts have adhered to the bright-line rule. Under the bright-line rule, finality is that period of time where a convicted individual crosses a "bright-line" from the jurisdiction of the courts to executive custody. *Earley, supra.*[1]

A federal decision that is analogous to the instant action is *United States v. Jones* (C.A.11, 1983), 722 F.2d 632. In *Jones,* the district court originally imposed a six-month prison term on the defendant. Later the same week, the district court re-sentenced the defendant to a four-year prison term. Although the commitment order was unsigned prior to the court's imposition of the second sentence, the Eleventh Circuit Court of Appeals found that the defendant had begun to serve his sentence before the judge increased it. The Eleventh Circuit accordingly rejected the trial court's second sentencing order, concluding that the defendant's legitimate expectation of finality was frustrated by the district court's re-sentencing. Finding that there was no deception on the part of the defendant and no statute providing for sentence modification, the circuit court ruled that "a sentence may not be altered in a manner prejudicial to the defendant after he has started serving the sentence." *Id.* at 639.

In the instant case, the trial court modified a legally proper sentence without statutory authority. Moreover, appellant's initial sentence had commenced prior to the court's decision to re-sentence her. Appellant's right to expect finality precluded such action. *Earley, supra; Jones, supra.* See, also, *Messer, supra.* Appellant neither knowingly engaged in deception nor thwarted the sentencing process. It appears that she was forthright in every respect. Thus, being blameless in the trial court's own mistaken belief at the

---

1. *DiFrancesco* emphasizes that the location of the bright-line of constitutional finality in the sentencing context may vary with the varying statutory provisions granting jurisdiction to the courts. Moreover, *DiFrancesco* holds that there can be no reasonable expectation of finality when a statute gives the government a right to appeal—at least not until the time for appeal has expired. See *Earley, supra.*

original sentencing hearing, appellant could legitimately expect that her sentence, once imposed and commenced, would not later be enhanced.

In sum, we find that once a valid sentence has been executed, a trial court no longer has the power to modify the sentence except as provided by the legislature. Hence, we hold that the enhancement of appellant's sentence violated her rights under the Double Jeopardy Clause of the United States Constitution. Appellant's sole assignment of error is therefore sustained.

The judgment of the trial court altering Ballard's sentence is reversed, and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

JONES, P.J., and WALSH, J., concur.