Defendant-appellant, Tiffnie Keller, appeals the decision of the Fayette County Court of Common Pleas to extend her sentence from an aggregate of seven years to eight years after her original sentence had already commenced. Appellant raises two assignments of error which we find to be meritorious, and we reverse.
On May 22, 1997, after a jury trial, appellant was found guilty of one count of perjury in case number 960181. In its judgment entry of conviction filed July 10, 1997, the trial court sentenced appellant as follows: "[f]or the offense of Perjury * * *, the defendant, Tiffnie A. Keller, is hereby sentenced to a definite term of confinement of one year in a state penal or reformatory institution under the control of the Department of Rehabilitation and Correction."
Appellant had not yet begun serving her sentence for perjury when, after a jury trial on July 29, 1997, appellant was found guilty of seven felony theft charges which were consolidated in cases 960090 and 960091. By judgment entry of conviction filed August 19, 1997, the trial court sentenced appellant on the theft convictions as follows: "[f]or each of the seven felony offenses the defendant is sentenced to a definite term of confinement of one year in a state penal or reformatory institution under the control of the Department of Rehabilitation and Correction. It is ordered that these sentences be served consecutively." On the face of this judgment entry, there was no reference to appellant's perjury conviction in case 960181.
Appellant's incarceration began in September of 1997 at the Ohio Reformatory for Women. Since the sentencing entries did not specify that the theft sentences were to run consecutively to the perjury sentence, the Ohio Department of Rehabilitation and Corrections (ODRC) calculated appellant's aggregate sentence as seven years. Appellant's offenses were committed prior to July 1, 1996. Thus, appellant was eligible for a one-third reduction in her sentence under sentencing law prior to Senate Bill 2, and since appellant's potential sentence was less than five years, she was accepted into a boot camp program. After successfully completing boot camp, appellant was released on parole in April 1998. She spent sixty days in a half-way house in Columbus, and was subsequently released and began a job in Columbus. We note that appellant did not violate any condition of her parole.
On June 3, 1998, the trial court, on its own motion, filed a journal entry in cases 960090 and 960091 in which the court stated, "On review of this matter, it is ordered that the sentences imposed in these cases be served consecutively with the sentence the defendant received for Perjury in case number 960181." As a result of the court's action, appellant's sentence was effectively increased from seven years to eight years. Accordingly, the ODRC notified appellant's parole officer, and appellant was returned to prison. Appellant filed this appeal raising the following two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT'S ENTRY WHICH RESENTENCED APPELLANT TO CONSECUTIVE TERMS OF IMPRISONMENT VIOLATED HER RIGHT TO BE FREE FROM DOUBLE JEOPARDY UNDER THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.
Assignment of Error No. 2:
 THE TRIAL COURT'S ENTRY WHICH RESENTENCED APPELLANT WAS NULL AND VOID BECAUSE THE TRIAL COURT LACKED THE AUTHORITY TO RESENTENCE APPELLANT AFTER SHE COMMENCED TO SERVE HER SENTENCE.
Under her first assignment of error, appellant argues that the trial court's action in its June 3, 1998 entry essentially resentenced her to a longer prison term which subjected her to multiple punishments for the same offense and violated her right to be free from double jeopardy. We agree.
In State v. Draper (1991), 60 Ohio St.3d 81, the Ohio Supreme Court addressed a situation in which the defendant had begun serving his sentence and was then released on shock probation. The defendant's probation was revoked when he violated several conditions of his probation. When the defendant appeared before the court after the revocation, the trial court altered his original sentence extending his imprisonment.
We note that factually the case at bar is different thanDraper in that appellant was released on parole, rather than shock probation, and appellant committed no parole violation. Regardless, we find that much of the reasoning in Draper is applicable to this case where the Supreme Court stated that "one who had been granted probation * * * not only has an expectation of finality in the original sentence, but has already undertaken to serve it. Under such circumstances, the imposition of a new and more severe sentence would constitute multiple punishments for the same offense." Draper at 83, citing State v. Thomas (1980), 61 Ohio St.2d 254. Similarly, this court has previously stated that it is permissible for the trial court to amend a sentence and impose a more severe punishment at any time before the execution of an initial sentence. State v. Ballard (1991), 77 Ohio App.3d 595, 597, citing Columbus v. Messer (1982), 7 Ohio App.3d 266. "However, once the execution of a sentence commences, an 'increase [in] the penalty [would] subject the defendant to double punishment for the same offense.' " Ballard at 597, quoting United States v. Benz (1931), 282 U.S. 304.
Execution of a prison sentence commences "when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch." Ballard at 597, quoting Messer at 268. In this case, there is no doubt that appellant's sentence had commenced. In fact, by the time the court filed its entry on June 3, 1998, appellant had successfully completed boot camp, had completed her time in the half-way house, had been released on parole, and had begun a new job. We find that appellant's legitimate expectation of finality was frustrated by the trial court's action in this case. Appellant's first assignment of error is sustained.
Under her second assignment of error, appellant argues that the trial court lacked authority to modify her sentence. R.C.2929.41, which addresses multiple sentences, states in part:
 (A) Except as provided in division (B) of this section, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States. * * *.
 (B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:
 (1) When the trial court specifies that it is to be served consecutively.
This court has previously stated that "the imposition of consecutive sentences could only by accomplished if the trial court specified that the sentences were to run consecutively."Hamilton v. Adkins (1983), 10 Ohio App.3d 217, 218. (Emphasissic.) If the court does not specify as required by R.C.2929.41(B)(1) and no other exception applies as outlined in R.C. 2929.41(B)(2)-(5), then R.C. 2929.41(A) requires that multiple sentences run concurrently. Id.
The state argues that the trial court did indeed specify that the sentences were to be consecutive when it stated, in the last sentence of the August 19, 1997 entry, "It is ordered that these sentences be served consecutively." The state argues that, even though there is no express reference to case 960181, the August 19, 1997 entry should be read as stating that the seven-year theft sentence was to be served consecutively with the one-year perjury sentence. When considering the overall context of the entry, we do not find this to be a plausible reading. Rather, we find that the August 19, 1997 entry unambiguously indicates that the seven one-year theft sentences are to be served consecutively to each other. We also note that even if there were an ambiguity in the entry as the state suggests, "[w]here there is ambiguity in the language as to whether the sentences are to be served concurrently or consecutively, a defendant is entitled to have the language construed in his favor." Adkins at 218. After careful review, we find that the trial court did not specify that the theft sentence was to be served consecutively to the perjury sentence. Thus, R.C. 2929.41-(A) requires that appellant's sentences run concurrently.
We cannot find, nor has the state provided us with any authority which granted the trial court power to increase appellant's sentence after it had been executed. SeeBallard, 77 Ohio App.3d at 597-98. "[O]nce a valid sentence has been executed, a trial court no longer has the power to modify the sentence except as provided by the legislature." Id. at 599.
The state argues that the trial court's action falls within Crim.R. 36 which states: "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." The state proposes that we should accept the June 3, 1998 entry as a nunc pro tunc entry correcting a clerical mistake by the court in its previous entries. We reject this proposition for two reasons. First, there is no indication that the trial court intended this entry to be nuncpro tunc. This court has previously stated that if an entry is to be considered nunc pro tunc, it should clearly be stated as such. In the Matter of The Estate of Frank R. Nibert
(Apr. 27, 1987), Madison App. No. CA86-05-012, unreported, at 10. Second, we find that the court's action in this case does not constitute the mere correction of a "clerical mistake" or an "oversight" as contemplated under Crim.R. 36. A clerical mistake has been defined as follows:
 The term "clerical mistake" does not mean that it must be made by a clerk. The phrase merely describes the type of error identified with mistakes in transcription, alteration or omission of any papers and documents which are traditionally or customarily handled or controlled by clerks but which papers or documents may be handled by others. It is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney.
Dentsply International, Inc. v. Kostas (1985), 26 Ohio App.3d 116,118.
The power to file an entry nunc pro tunc is restricted to placing on the record a judicial action which has already been taken but was omitted due to some mechanical mistake. See In reJennifer Pickett (Sept. 27, 1993), Butler App. Nos. CA92-10-196, CA92-10-197, CA92-10-198, CA92-10-199, CA92-10-200, at 6. In this case, the trial court's action amounted to more than the mere correction of a mechanical mistake or omission, and it was beyond the scope of the court's power under Crim.R. 36. Accordingly, we find that the trial court was without authority to resentence appellant after her sentence had been executed. See Ballard, 77 Ohio App.3d at 598;State v. Mader (1994), 97 Ohio App.3d 202, 203. Appellant's second assignment of error is sustained.
The judgment of the trial court altering appellant's sentence by its entry filed June 3, 1998 is reversed, and this cause is remanded for further proceedings according to law and not inconsistent with this opinion.
YOUNG, P.J., and POWELL, J., concur.