The STATE of Ohio, Appellee,

v.

HARBRECHT, Appellant.

[Cite as *State v. Harbrecht* (1999), 135 Ohio App.3d 71.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA99–02–022.

Decided Oct. 4, 1999.

*John F. Holcomb,* Butler County Prosecuting Attorney, and *John R. McCracken,* Assistant Prosecuting Attorney, for appellee.

*Clayton G. Napier,* for appellant.

HILDEBRANDT, Presiding Judge.

Appellant, Ricky Harbrecht, appeals the judgment of the Butler County Court of Common Pleas convicting him of one count of burglary and one count of arson. For the following reasons, we affirm the judgment of the trial court.

The record indicates that Harbrecht entered guilty pleas to the two charges in November 1998. In January 1999, the trial court sentenced him to a definite term of four years' incarceration on the burglary charge and to a consecutive term of twelve months on the arson charge.

In his first assignment of error, Harbrecht argues that the lower court erred by ordering his sentences to be served consecutively. We find the assignment to be unpersuasive.

Harbrecht first states that the trial court failed to consider the requisite sentencing criteria when it imposed the consecutive sentences. We disagree.

■ While R.C. 2929.41(A) provides that multiple sentences shall generally be served concurrently, there are certain exceptions to that mandate. Here, the trial court's sentencing entry sets forth the required statutory findings to support consecutive sentences.[1] The court's entry states that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct or to the danger that he poses to the public, and that the harm caused by the offenses was so great or unusual that no single prison term would be appropriate in view of the seriousness of the conduct. Therefore, we hold that the lower court's judgment entry indicates its reasons for imposing consecutive sentences and thus complies with the statutory requirements for their imposition.[2]

■ Harbrecht also takes issue with the fact that on the day of his sentencing hearing, after he had been returned to confinement, the lower court reconvened the hearing. During that hearing, at which Harbrecht and his counsel were present, the lower court orally amplified its reasons for the sentence it had imposed.

We find no prejudicial error in the court's reconvening of the hearing. The court did not, as Harbrecht maintains, enhance the sentences that it had previously imposed upon him. Instead, the court merely recounted the damage that Harbrecht and his co-defendants had done to the victims' residence and automobile, as well as the harm inflicted upon the victims. Specifically, the court noted that Harbrecht and his companions had broken into the victims' home and caused damage by destroying or urinating upon personal property. Then, they drove the victims' automobile to another location, where Harbrecht set it ablaze. Such a recitation of the facts merely provided a clearer basis for the court's sentence and thus indicated compliance with, rather than a violation of, the sentencing statutes.

■ We also find no merit in Harbrecht's contention that, after the initial portion of the hearing, the trial court lost jurisdiction to modify the sentence because Harbrecht had been returned to confinement. As noted above, this was not a situation in which the defendant was returned from imprisonment and sentenced to a harsher penalty than the one initially imposed. Indeed, the second portion of the hearing was not in any sense a "resentencing," as

---

1. See R.C. 2929.14(E)(4).

2. See *State v. Campbell* (Nov. 6, 1998), Erie App. No. E–97–127, unreported, 1998 WL 769773.

Harbrecht contends, because the sentences were not modified. Thus, the authority cited by Harbrecht is inapposite to the case at bar.[3]

Harbrecht further contends that the trial court erred in announcing its sentence prior to reconvening the hearing, based upon the bare recitation that it had considered the relevant statutory factors. We hold that any deficiency in the court's findings was cured during the second portion of the hearing and that, in any event, the sentence as finally journalized by the trial court contained the requisite findings, which were amply supported by facts in the record.

In sum, we conclude that there was an appropriate justification for the imposition of consecutive sentences and that the lower court complied with the applicable statutory requirements.[4] The first assignment of error is overruled.

In his second assignment of error, Harbrecht asserts that the lower court erred by imposing more than the minimum sentence for each offense, because he had not previously served a prison term.[5] We do not agree.

Although R.C. 2929.14(B) does require the shortest prison term for offenders who have not previously served a prison term, a court may deviate from that requirement if it finds that the minimum sentence "will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." [6]

 In the case at bar, the trial court's findings were sufficient to support a sentence greater than the minimum. We are mindful of the recent pronouncement of the Supreme Court of Ohio, in *State v. Edmonson*,[7] requiring that the trial court make a specific "finding" as to the statutory basis for imposing greater than the minimum term of incarceration. In the case at bar, the trial court's findings concerning the imposition of consecutive sentences are the same findings that would support the imposition of a sentence greater than the minimum, specifically, the seriousness of the offense and the need to protect the public from future crimes.[8] While it would certainly have been preferable for the court to have specifically restated the findings in terms of R.C. 2929.14(B), we find no

---

3. See, *e.g., State v. Ballard* (1991), 77 Ohio App.3d 595, 602 N.E.2d 1234.

4. See *State v. Terrell* (June 3, 1998), Summit App. No. 18651, unreported, 1998 WL 289703.

5. R.C. 2929.14(B).

6. *Id.*

7. (1999), 86 Ohio St.3d 324, 715 N.E.2d 131.

8. See R.C. 2929.14(B).

prejudicial error, given that the findings were in fact made.[9] Further, the court's findings are supported by facts in the record. Given the malicious destruction of personal property and the other aggravating factors involved in the offenses, the trial court's imposition of terms of incarceration greater than the minimum was justified.[10] Accordingly, the second assignment of error is overruled.

■ In his third and final assignment of error, Harbrecht asserts that the trial court erred in sentencing him without affording his trial counsel an opportunity to review the presentence investigation report and to object to its contents. This assignment is without merit. First, Harbrecht failed to lodge any objection to the trial court's decision to proceed to sentencing and indeed failed to make any comment when specifically asked about the presentence investigation report. Second, the record does not reflect that counsel was denied the opportunity to review the report. Because the record does not reflect prejudicial error, we overrule the third assignment of error. Therefore, the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

GORMAN and SHANNON, JJ., concur.

LEE H. HILDEBRANDT, JR., P.J., and ROBERT H. GORMAN, J., of the First Appellate District, sitting by assignment.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.

---

**9.** See *id.* at 326, 715 N.E.2d at 133–134.

**10.** We also note that, at numerous points in his brief, Harbrecht contends that the trial court imposed the five years of incarceration so that Harbrecht would serve the same sentence as his co-defendants. We find no support in the record for this contention.