JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Sandra Dawkins, defendant-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas which imposed a sentence of twelve months incarceration after vacating the original sentence of eight months. Appellant assigns as single error that the court lacked authority to vacate its original sentence and impose a new, harsher sentence upon her. We disagree and affirm the judgment of the trial court.
 {¶ 2} On September 9, 2004, appellant was indicted by the Cuyahoga County Grand Jury for one count of theft in violation of R.C. 2913.02
and one count of possession of criminal tools in violation of R.C.2923.24.
 {¶ 3} On February 4, 2005, appellant entered a plea of guilty to count one, a felony of the fifth degree. Count two was nolled. A felony of the fifth degree carried a penalty of six to twelve months in prison and a fine of up to $2,500. The court sentenced appellant to eight months in prison. At appellant's request, the court gave her two weeks to report for transfer to prison so that she could make child care arrangements. The court specifically warned appellant that if she used drugs or failed to show up on time to begin serving her sentence, the sentence would be increased to the maximum twelve months in prison.
 {¶ 4} On February 18, 2005, appellant failed to report for prison as ordered. A capias was issued and, following her arrest in Charlotte, North Carolina in October *Page 4 
2005, appellant was returned to Ohio. On February 27, 2006, she appeared before the same trial court and was sentenced to twelve months in prison.
 {¶ 5} Appellant's only assignment of error states that the trial court erred in increasing her original sentence by an additional four months. Appellant argues that the increase in sentence violated the double jeopardy clause of the Ohio and United States Constitutions. She further argues that the court was without procedural or statutory authority to increase her lawful sentence of eight months. We disagree.
 {¶ 6} The Double Jeopardy Clause of the United States Constitution protects individuals against multiple punishments for the same offense.North Carolina v. Pearce (1969), 395 U.S. 711, 717-718. Its primary purpose is to preserve the finality or integrity of judgments.United States v. DiFrancesco (1980), 449 U.S. 117, 128. "An individual's legitimate expectation of finality in his or her sentence is a key factor in determining whether or not double jeopardy protections are implicated." State v. Bell, Franklin App. No. 03AP-1282, 2004-Ohio-5256, ¶ 12.
 {¶ 7} A trial court has the authority to amend its sentence and impose a more severe punishment at any time before the execution of its initial sentence commences. State v. Ballard (1991), 77 Ohio App.3d 595,606 N.E.2d 1234; State v. Gilmore (Apr. 6, 1995), Cuyahoga App. No. 67575. As this court stated in State v. Burnside (Dec. 16, 1999), Cuyahoga App. No. 76035, unreported: "Courts may resentence a defendant who has not begun to serve his or her sentence to a more severe sentence without violating the multiple-sentence protections of the Double *Page 5 
Jeopardy Clause because, before its execution, a sentence lacks the constitutional finality of a verdict of acquittal. State v. Meister
(1991), 76 Ohio App. 3d 15, 17, 600 N.E.2d 1103; State v. Vaughn (1983),10 Ohio App. 3d 314, 316, 462 N.E.2d 444; Columbus v. Messer (1982),7 Ohio App. 3d 266, 268, 455 N.E.2d 519. It is well established, however, that once a valid sentence has been executed, a trial court no longer has the power to modify the sentence except as provided by the General Assembly. State v. Hayes (1993), 86 Ohio App.3d 110, 112,619 N.E.2d 1188, citing State v. Addison (1987), 40 Ohio App. 3d 7,530 N.E.2d 1335; Meister, supra."
 {¶ 8} Double jeopardy restrictions prevent a trial court from increasing a sentence after execution of that sentence has commenced.Columbus v. Messer, supra. Execution of a sentence begins when a criminal defendant who has been sentenced to a term of imprisonment is delivered to a penal institution to begin serving that sentence.State v. Addison (1987), 40 Ohio App.3d 7, 530 N.E.2d 1335; State v.Gilmore, supra.
 {¶ 9} In the instant case, the trial court delayed the execution of appellant's sentence by two weeks, at her request, so that she could attend to child care matters. The court told her, "If you don't come in two weeks from today at 11:00 a.m., report to this floor where they will be waiting for you, I will up the sentence. It will go higher. It will go all the way up to a year." Because appellant failed to appear as ordered, the execution of her sentence did not commence and jeopardy had not *Page 6 
attached. Therefore, the court's imposition of a harsher sentence does not constitute double jeopardy.
 {¶ 10} Application of the double jeopardy clause to a change in a sentence is dependent upon the extent and legitimacy of a defendant's expectation of finality. See State v. McColloch (1991),78 Ohio App.3d 42. For example, there is no expectation of finality in a sentence where the court places the defendant on probation in lieu of the execution of the sentence. State v. McMullen (1983), 6 Ohio St.3d 244. "By placing a defendant on probation, the judge has afforded the benefit of a reduced sentence conditioned upon the defendant's efforts to reform. A defendanthas no expectation of finality in the original sentence when it issubject to his compliance with the terms of his probation. In the event of a violation of probation, the original sentence does not become final but is subject to modification within the standards of state law." (Emphasis added.) Id. at 246.
 {¶ 11} In contrast, jeopardy will attach in the case of a defendant who is sentenced, begins serving that sentence, and is then granted probation. State v. Draper (1991), 60 Ohio St.3d 81. In that case, the defendant "not only has an expectation of finality in the original sentence, but has already undertaken to serve it. Under such circumstances, the imposition of a new and more severe sentence would constitute multiple punishments for the same offense." Id. at 83. (Cites omitted.) Based upon McMullen and Draper, it stands to reason that where a sentence is conditioned upon some action by the defendant, and the execution of *Page 7 
that sentence is delayed pursuant to that condition, the defendant can have no legitimate expectation of finality in the original sentence where she fails to act in compliance with the terms of the condition.
 {¶ 12} It is clear that appellant could not have developed a reasonable and legitimate expectation of finality in the eight-month sentence absent an understanding that the sentence was conditioned upon her presenting herself in two weeks to begin that sentence. At the sentencing hearing, the trial court made certain that appellant and her counsel understood the terms of the sentence.
 {¶ 13} Appellant relies upon this court's decision in City of BrookPark v. Necak (1986), 30 Ohio App.3d 118, to support her argument that the trial court was without authority to modify the original sentence. In Necak, we held that trial courts have no authority to increase a lawful sentence after the defendant has served part of that sentence, or to reconsider their own valid final order. However, the facts inNecak are distinguishable from the instant case since Necak had already served a portion of his term of incarceration when the trial court modified his sentence based upon new information received. In the instant case, appellant had not yet begun to serve her sentence. Furthermore, this trial court did not reconsider its original order.
 {¶ 14} The transcript of the sentencing hearing clearly reflects that the trial court imposed a sentence of eight months in prison, conditioned upon appellant presenting herself to begin serving that sentence on February 18, 2005, or twelve months in prison if she did not appear as ordered. When appellant failed to appear, *Page 8 
the sentence became a twelve-month sentence per the court's order. In the subsequent sentencing hearing on February 27, 2006, the trial court did not reconsider its original order, it merely enforced the terms of the original sentence.
 {¶ 15} A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion. State v. Yontz ( 1986),33 Ohio App.3d 342. The trial court did not abuse its discretion in sentencing appellant. Appellant was found guilty of an offense that carried with it a sentence of between six and twelve months in prison. The trial court imposed a sentence of eight months or twelve months depending on appellant's actions. By failing to appear on February 18, 2005, appellant's sentence became twelve months.
 {¶ 16} To hold that the court lacked authority to impose the more severe sentence would not only be contrary to law, but would severely restrict, if not completely eliminate, a trial court's ability to exercise discretion in delaying the start date for serving a sentence. The loss of such discretion would be a detriment to the very population to which appellant purportedly belonged, namely people convicted of crimes who are given the opportunity to tend to personal and family matters before serving their sentences.
 {¶ 17} The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. *Page 9 
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, JUDGE
 SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR *Page 1