DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Philip R. Plant, appeals the trial court's imposition of a greater sentence through a nunc pro tunc entry entered after he had begun serving his sentence. This Court reverses.
 I. {¶ 2} Plant was indicted on several felony drug offenses. Pursuant to a plea bargain, Plant plead guilty to aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), a second degree felony, and the remaining counts were dismissed. In November 2006, the trial court sentenced Plant to serve two years in prison. The sentencing entry does not indicate whether the sentence is to be served concurrently with or consecutively to another sentence he was serving for an unrelated conviction in Lake County. Plant was conveyed to prison shortly after the sentencing hearing to serve his sentence. *Page 2 
 {¶ 3} In March 2007, the trial court entered a nunc pro tunc order to add the following language to the sentencing order: "By law, this sentence must be served consecutively to any other sentence he is serving." Plant appealed the modified sentencing order. This Court dismissed Plant's first appeal because the trial court's order was not a final appealable order. The trial court entered a final appealable order and Plant again appealed, asserting one assignment of error.
 II. ASSIGNMENT OF ERROR THE TRIAL COURT VIOLATED DUE PROCESS AND LACKED SUBJECT-MATTER JURISDICTION TO AMEND/MODIFY APPELLANT'S CRIMINAL SENTENCE (AMENDING THE SENTENCE TO BE CONSECUTIVE) AFTER APPELLANT HAD ALREADY BEEN DELIVERED TO THE CUSTODY OF THE STATE PRISON.
 {¶ 4} Plant argues the trial court could not modify his sentence after the execution of his sentence. This Court agrees.
 {¶ 5} A trial court may only amend a sentence to impose a more severe punishment before the execution of the initial sentence. State v.Keller (Feb. 16, 1999), 12th Dist. No. CA98-07-011. See, also,Columbus v. Messer (1982), 7 Ohio App.3d 266. "Execution of a prison sentence commences `when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch.'" Keller, supra, quoting State v. Ballard(1991), 77 Ohio App.3d 595, 597. Once execution of sentence begins, an increase in the penalty would violate the Double Jeopardy Clause. Id. quoting Ballard at 597.
 {¶ 6} In this case, execution of Plant's prison sentence commenced in late 2006 when he was delivered from the Summit County Jail to prison. Plant remained incarcerated through *Page 3 
the date the trial court amended his sentence to order that it be served consecutively to his Lake County sentence.
 {¶ 7} In Keller, as in this case, the State argued that the trial court's change to the sentence fell under Crim. R. 36. According to Crim. R. 36, "[clerical mistakes in judgments * * * may be corrected by the court at any time." A "clerical mistake" is a mistake, "mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." State v. Williams, 6th Dist. No. L-02-1394,2004-Ohio-466, at ¶ 7 (quotation omitted). "Nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." State ex rel. Fogle v. Steiner (1995), 74 Ohio St.3d 158,164. A nunc pro tunc entry records what the trial court did but failed to record in the journal entry. State v. Greulich (1988),61 Ohio App.3d 22, 24.
 {¶ 8} Our review of the journal entry does not reflect that the trial court corrected a mechanical mistake. Rather, it appears that the trial court added a provision to the sentencing entry that it might have included, rather than reflecting the court's actual decision. The trial court's sentencing entry failed to mention that the sentence would run consecutively to any other sentence. The State did not request a transcript of the sentencing hearing to support its position that the trial court ordered the sentences to be served consecutively at the sentencing hearing. See State v. Battle, 9th Dist. No. 23404,2007-Ohio-2475, ¶ 6 ("It is clear from the transcript excerpt supplied to this Court by the State that Appellant was informed of and understood that he was sentenced to two years of community control."). Thus, the record reflects the imposition of sentence followed by a modification after the execution of the sentence.
 {¶ 9} We conclude, as the Keller court did, that "the trial court's action amounted to more than the mere correction of a mechanical mistake or omission, and it was beyond the scope *Page 4 
of the court's power under Crim. R. 36. Accordingly, we find that the trial court was without authority to resentence appellant after [his] sentence had been executed. See Ballard, 77 Ohio App.3d at 598,602 N.E.2d 1234; State v. Mader (1994), 97 Ohio App.3d 202, 203,646 N.E.2d 511." Keller, supra. See, also, State v. Fair (June 13, 1990), 9th Dist. No. 14343 (holding the trial court could not change the sentence after the defendant commenced execution of the sentence.).
 {¶ 10} In this case, after Plant began serving his sentence, the trial court entered an order that effectively increased his sentence. The trial court added a provision to his sentence that ordered his Summit County sentence to be served consecutively to his Lake County sentence. This modification increased his sentence. The Seventh District considered this issue and reached the same conclusion when it held that a trial court could not amend a sentence to run consecutively instead of concurrently with a sentence from another county because the modification increased the appellant's sentence. State v. Cook (Apr. 16, 1998), 7th Dist. No. 96 CA 101. "Once execution of a sentence begins, however, the trial court may not modify a sentence by increasing `the severity of the punishment by amending the original sentence.'"State v. Neville, 9th Dist. No. 02CA0001, 2002-Ohio-5422, ¶ 6, quotingState v. Elliott (1993), 86 Ohio App.3d 792, 797. This is precisely what the trial court did in this case.
 {¶ 11} The trial court imposed sentence on Plant and the sentence was executed. The trial court could not then modify the sentence to increase the punishment.
 III. {¶ 12} Plant's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the matter is remanded for further proceedings consistent with this opinion. *Page 5 
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
 SLABY, J., MOORE, J., CONCUR *Page 1