[Cite as *State v. Ocepek*, 2011-Ohio-6064.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.   25636 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| HEATHER LYNN OCEPEK | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.    CR 10 06 1637 |

DECISION AND JOURNAL ENTRY

Dated: November 23, 2011

MOORE, Judge.

{¶1}    Appellant, Heather L. Ocepek, appeals the judgment of the Summit County Court of Common Pleas.  We affirm.

I.

{¶2}    On July 21, 2010, Appellant, Heather L. Ocepek, entered guilty pleas to one count of domestic violence in violation of R.C. 2919.25(A), a felony of the fourth degree, and one count of violating a protective order in violation of R.C. 2919.27, a misdemeanor of the first degree.  On August 24, 2010, she was sentenced to eighteen months of incarceration for domestic violence, and six months of incarceration for violating a protective order.  The court ordered the sentences to be served concurrently for a total of eighteen months.  The sentence was suspended and Ocepek was placed on a period of community control of two years.  The trial court specified that the period of community control was to commence on August 19, 2010, but ordered that she be held until room became available at a treatment facility.

{¶3}    On September 21, 2010, the trial court held a status hearing.  When asked whether she knew why she was back in court, Ocepek acknowledged that it was because she had told fellow inmates that she was going to kill the victim in this case and then herself.  She argued that she was expressing anger, but had no intentions of acting upon these threats.  The trial court ordered that she remain in the Summit County jail until further order of the court, and that she not be transported to a treatment facility as previously ordered.  A resentencing hearing was held on October 6, 2010.  On that date, the original sentence was vacated, and Ocepek was resentenced to eighteen months of incarceration.  This time, however, the sentence was not suspended.

{¶4}    Ocepek timely filed a notice of appeal.  She raises one assignment of error for our review.

II.

### ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN RESENTENCING [OCEPEK] AS IT HAD NO JURISDICTION TO MODIFY ITS ORIGINAL SENTENCE ONCE A FINAL JUDGMENT HAD BEEN ENTERED."

{¶5}    In her sole assignment of error, Ocepek argues that the trial court erred in resentencing her because, after issuing a final order, it was without jurisdiction to modify the original sentence.  We do not agree.

{¶6}    "[O]nce a valid sentence has been executed, a trial court no longer has the power to modify that sentence except as provided by law."  *State v. Castillo*, 2d Dist. No. 24022, 2011-Ohio-1821, at ¶19, citing *State v. Hayes* (1993), 86 Ohio App.3d 110.  Prior to execution of the sentence, however, the trial court has authority to vacate its previous sentence and impose a more severe punishment.  *State v. Rye*, 9th Dist. No. 25572, 2011-Ohio-4224, at ¶7, citing *City of*

*Columbus v. Messer* (1982), 7 Ohio App.3d 266, 268. "The reason is that, before execution, a sentence lacks the constitutional finality of a verdict of acquittal." *State v. Meister* (1991), 76 Ohio App.3d 15, 17, citing *United States v. DiFrancesco* (1980), 449 U.S. 117. As a result, before execution of sentence, a court maintains the authority to revise its sentence. However, "that action cannot be taken for vindictive or improper reasons." *Messer*, 7 Ohio App.3d at 268, citing *North Carolina v. Pearce* (1969), 395 U.S. 711, 725.

{¶7} Recently, this Court noted that when the full sentence of a defendant involves imprisonment, the execution of the sentence "begins 'when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch.'" *Rye* at ¶7, quoting *State v. Plant*, 9th Dist. No. 24118, 2008-Ohio-4424, at ¶5. In this case, the issue at hand is when the execution of sentence begins if a defendant is sentenced to community control rather than imprisonment. Much of the prior case law in this area concerns sentences involving probation imposed upon the suspension of a prison sentence as opposed to community control, and the statutes cited in those cases have since been repealed.

{¶8} For example, *State v. Wycuff* (May 21, 2001), 8th Dist. No. 2000CA00328, at *2, cited to an Ohio Supreme Court case to support its proposition that "[a] defendant's community control period commences when the judgment of conviction and sentence is entered on the journal by the clerk of court." Id., citing *Kaine v. Marion Prison Warden* (2000), 88 Ohio St.3d 454. However, R.C. 2951.09 was repealed effective January 2, 2004. The sentencing tool of probation was replaced by community control. See R.C. 2929.15. As a result, the holding in *Kaine* "is no longer controlling or persuasive[.]" *State v. Semenchuk*, 4th Dist. No. 10CA3140, 2010-Ohio-4864, at ¶6.

{¶9} Cases that have been decided since the January 1, 2004 effective date of the current community control statutes are distinguishable on their facts from the case at bar. See, e.g., *Castillo* at ¶24 (once a sentence is journalized, the court is limited in its discretion to *suspend* execution of a criminal sentence to those instances in which statutory authority exists); *State v. Delong*, 3d Dist. No. 6-04-08, 2004-Ohio-6046 (the trial court only tentatively adopted community control as a sentence while it waited for results of a urine test, and the only journal entry ever filed reflected the ten-month prison term that the trial court imposed after learning he had failed the drug test). Accordingly, we find ourselves dealing with a case of first impression in that the trial court specified the effective date that probation was to begin, but held Ocepek in a local confinement facility pending the availability of space in a treatment facility as a condition of her community control.

{¶10} R.C. 2951.06 provides for the defendant's release from custody and states that once a journal entry has been filed sentencing a defendant to a community control sanction, "the defendant shall be released from custody as soon as the requirements and conditions required by the judge supervising the community control sanction have been met." Once this occurs, "[t]he defendant shall continue under the control and supervision of the appropriate probation agency, to the extent required by law, the conditions of the community control sanction, and the rules and regulations governing the probation agency." Id.

{¶11} The statutory language makes provision for "requirements and conditions" that must be met prior to the defendant's release from custody. Among other conditions, the judge may order that the defendant be transferred to a treatment facility. However, the sentence may further require that the defendant be held in the county jail until a bed becomes available at the facility. A defendant may likewise be held in the jail while he waits acceptance into a program.

{¶12} Courts have found the need to revise a sentence where the defendant is not accepted into a program. See, e.g., *State v. Spencer*, 10th Dist. No. 01AP-927, 2002-Ohio-3276. In *Spencer*, a defendant was sentenced to community control on the condition that he was placed at the Columbus Developmental Center ("CDC"). The facility found that he scored too high on his IQ and was unable to accept him. The trial court resentenced the defendant to arrange for him to serve his community control at another facility. The Tenth District upheld the trial court's resentencing because "the sentence to community control was conditional on the facility's acceptance of the defendant. Further, defendant never began serving a sentence at CDC because that facility subsequently refused to accept him." Id. at ¶25. See, also, *State v. Schindler* (1983), 3d Dist. No. 2-82-6, at *2 (concluding that the trial court could resentence a defendant who remained in jail after not being accepted into a service restitution program because acceptance into the program was a "requirement and condition for his release from custody" and as such his "status of being on probation never ripened into being").

{¶13} Recently, the Eighth District acknowledged that the application of the Double Jeopardy Clause of the United States Constitution "to a change in a sentence is dependent upon the extent and legitimacy of a defendant's expectation of finality." *State v. Dawkins*, 8th Dist. No. 88022, 2007-Ohio-1006, at ¶10, citing *State v. McColloch* (1991), 78 Ohio App.3d 42. "[T]here is no expectation of finality in a sentence where the court places the defendant on probation in lieu of the execution of the sentence." *Dawkins* at ¶10. As such, "it stands to reason that where a sentence is conditioned upon some action by the defendant, and the execution of that sentence is delayed pursuant to that condition, the defendant can have no legitimate expectation of finality in the original sentence where she fails to act in compliance with the terms of the condition." Id.

{¶14} Because a trial court maintains jurisdiction to modify such a journal entry, we conclude that when the trial court sentences a defendant to a term of community control, the court has authority to vacate its previous sentence and impose a more severe punishment up until the defendant is released from custody pursuant to R.C. 2951.06. Release from custody is a trigger to finality in a way that is similar to a defendant being delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch where he is to serve his sentence of imprisonment. It is upon release from custody pursuant to R.C. 2951.06 that a defendant is under the control and supervision of a probation agency, and as such "the defendant's right to expect finality preclude[s] the trial court from modifying a 'legally proper sentence without statutory authority[.]'" *In re Zilba* (1996), 110 Ohio App.3d 258, 262, quoting *BrookPark v. Necak* (1986), 30 Ohio App.3d 118, 120.

{¶15} Here, Ocepek was sentenced to community control and ordered to be held in jail until a bed became available at the treatment facility. Thus, she had not been released from custody pursuant to R.C. 2951.06, and the court had jurisdiction to modify her sentence. This modification could not be taken for "vindictive or improper reasons." *Messer*, 7 Ohio App.3d at 268, citing *Pearce*, 395 U.S. at 725. And no allegations have been made as to any improper motive. Here, the trial court modified the sentence because it was subsequently informed that, while awaiting transport to a treatment facility, Ocepek had told fellow inmates that upon release, she planned to kill the victim in this case and then herself. At the August 19, 2010 sentencing hearing, the trial court acknowledged its reluctance to sentence her to community control due to her prior arrests and psychological issues. It further acknowledged its doubt in her ability to abide by the conditions of community control. When the court later learned of her threats, it chose to vacate its prior order and sentence her to an eighteen-month period of

incarceration. The trial court had the authority to resentence her under the circumstances. See, *Rye* at ¶9.

{¶16} We acknowledge that, in certain circumstances, community control violations procedures could be used to handle these issues. Community control under Ohio's statutory scheme is the functional equivalent of probation under the former statutes. *State v. Cooks* (1997), 125 Ohio App.3d 116, 119. In *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 782, the United State Supreme Court adopted the following due process requirements for revocations:

> "'(a) written notice of the claimed violations of (probation or) parole;
>
> "'(b) disclosure to the (probationer or) parolee of evidence against him;
>
> "'(c) opportunity to be heard in person and to present witnesses and documentary evidence;
>
> "'(d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);
>
> "'(e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and
>
> "'(f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.'" *Gagnon*, 411 U.S. at 786, quoting *Morrissey v. Brewer* (1972), 408 U.S. 471, 489.

{¶17} In addition, Crim.R. 32.3(B) provides that "[t]he defendant shall have the right to be represented by retained counsel and shall be so advised." However, there is nothing in the record to suggest the procedures for community control violations were followed.

{¶18} Because the trial court had the authority to resentence Ocepek, her sole assignment of error is overruled.

III.

**{¶19}**  Ocepek's assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(E).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, J.
CONCURS

CARR, P. J.
<u>CONCURS IN JUDGMENT ONLY, SAYING:</u>

{¶20} I concur in judgment only as I agree that the trial court had jurisdiction to reimpose Ocepek's sentence. However, I disagree with the majority's analysis as I believe this matter would have been more appropriately handled as a community control violation.

<u>APPEARANCES:</u>

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.