[Cite as *State v. Dotson*, 2013-Ohio-3716.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| JERRY DOTSON, JR. | : | Case No. 2013CA00024 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2012-CR-1216


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      August 26, 2013


APPEARANCES:

For Plaintiff-Appellee

RONALD MARK CALDWELL
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza South, Suite 510
Canton, OH 44702

For Defendant-Appellant

KRISTINA R. POWERS
Stark County Public Defender's
Office
201 Cleveland Avenue S.W.
Suite 104
Canton, OH 44702

*Baldwin, J.*

{¶1}    Appellant Jerry Dotson, Jr., appeals a judgment of the Stark County Common Pleas Court revoking his probation and imposing a sentence of seventeen months incarceration.  Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2}    In 2012, appellant was indicted by the Stark County Grand Jury with one count of possession of cocaine (R.C. 2925.11(C)(4)(b)), as a fourth degree felony, and one count of operating a motor vehicle under the influence.  Appellant entered a plea of guilty to the charges on September 19, 2012.  The guilty plea form stated at the beginning that the offense of possession of cocaine was a fourth degree felony; however, the form later designated the offense as a fifth degree felony.  The judgment memorializing the guilty plea and ordering a presentence investigation also classified the offense as a fifth degree felony.

{¶3}    The trial court conducted a sentencing hearing on the possession of cocaine charge on October 12, 2012.  The judgment entry of sentencing, filed October 19, 2012, stated that the offense was a fifth degree felony, imposed a three-year term of community control, and stated that violation of the conditions of community control could lead to a prison term of eleven months.

{¶4}    The trial court conducted a probation revocation hearing on December 10, 2012.  Appellant stipulated to the violation.  The trial court informed appellant that he could be sentenced to a term of imprisonment of seventeen months.   The following colloquy then occurred:

{¶5}    "THE DEFENDANT:  Ah, just about the F5 situation.

{¶6}    "But, I'd rather just go ahead and get it out of the way today.  So I ain't gonna waste your time.

{¶7}    "THE COURT:  All right, sir.

{¶8}    "Well, I am certainly willing to, to look at anything that, ah you want me to, to look at.

{¶9}    "Ah, but my notes indicate that it was a, an F4, and that I had reserved, ah, 17 months.  Or to use the vernacular, had 17 months hanging over your head.

{¶10}   "Ah, if you feel that is an error, that it was 11 months, what I can do is I can talk with the court reporter, I can look at what the court reporter's notes have, ah, the transcript.

{¶11}   "And if it was 11 months, if my notes are in error, I will certainly go with that 11 months.  And, I, I can make a mistake, obviously.

{¶12}   "The notes that I have say 17 months.

{¶13}   "So I'll do whatever you want to do.  If we want to go forward, ah, today with the 17 months, we can do that.  If you want time, I'm going to be running some criminal pretrials on Wednesday, we can come back on Wednesday.  I'm – this is very important to you, Mr. Dotson.

{¶14}   "I understand the difference between six months and that, that's an important thing.

{¶15}   "So, I will do whatever you and your client want to do, Miss Powers?

{¶16}   "I'm gonna turn off the microphones so that you can talk freely with Miss Powers, Mr. Dotson.

{¶17}   "MS. POWERS:  He wishes to proceed at this time, Your Honor.

{¶18}   "THE COURT:  Very well.  We're going on the 17 months prison term?

{¶19}   "MS. POWER:  Yes, sir."

{¶20}   Tr. 13-15.

{¶21}   On December 14, 2012, the trial court filed a judgment entry of revocation and sentence, imposing a seventeen month sentence.  On the same day, the court filed a nunc pro tunc judgment entry correcting the October 19, 2012, sentencing entry to designate the offense as a fourth degree felony and reserving a seventeen month prison term.

{¶22}   Appellant assigns a single error on appeal:

{¶23}   "THE TRIAL COURT COMMITTED ERROR BY IMPOSING A PRISON TERM IN EXCESS OF THE PRISON TERM RESERVED AT SENTENCING."

{¶24}   We note that while appellant has provided this Court with a transcript of the revocation hearing held on December 10, 2012, appellant did not request a transcript of the October 12, 2012, sentencing hearing.

{¶25}   This Court has previously held that where a nunc pro tunc entry is used to correct a sentencing entry to reflect what actually occurred at the sentencing hearing, the change in the sentence, even if the sentence is increased, is not barred by double jeopardy:

{¶26}   "Double jeopardy bars a trial court from modifying a sentence by increasing it after execution of that sentence has commenced. *State v. Ballard* (1991), 77 Ohio App.3d 595, 597, 602 N.E.2d 1234. However, Crim.R. 36 states "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." A *nunc*

*pro tunc* entry may be used to correct a sentencing entry to reflect the sentences the trial court actually imposed on a defendant at the sentencing hearing and does not constitute an increase of the sentence. *State v. Stevens* (Aug. 2, 1995), Summit No. 16998, unreported, 1995 WL 464721; *Dean v. Maxwell* (1963), 174 Ohio St. 193, 187 N.E.2d 884. Appellant's constitutional right to be free from double jeopardy was not violated by the *nunc pro tunc* entry which merely corrects a judgment entry to correspond to the sentence imposed at the sentencing hearing." *State v. Francis,* 5th Dist. Guernsey No. 98CA13,  2000 WL 93682, *14 (January 25, 2000).

{¶27}   In the instant case, the trial court's notes reflected that seventeen months was the term reserved at the sentencing hearing; however, the entry reflected eleven months.   Appellant declined a short continuance to allow the court to check the transcript of the sentencing hearing, and appellant has not provided this court with a transcript of that hearing on appeal.   In the absence of a transcript, we cannot find that the nunc pro tunc entry fails to merely correct the judgment entry to correspond to the sentence imposed at the sentencing hearing.   The duty to provide a transcript demonstrating error falls upon the appellant, and when portions of the transcript necessary for resolution of assigned errors are omitted from the record, this Court has nothing to pass upon, and therefore must presume validity of the lower court's proceedings and affirm.   *Knapp v. Edwards Laboratories*, 61 Ohio St. 2d 197, 400 N.E.2d 384 (1980).

{¶28}   The assignment of error is overruled.  The judgment of the Stark County Common Pleas Court is affirmed.  Costs assessed to appellant.

By: Baldwin, J.

Gwin, P. J. and

Wise, J. concur.


                                                                    HON. CRAIG R. BALDWIN


                                                                    HON. W. SCOTT GWIN


                                                                     HON. JOHN W. WISE


CRB/rad

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JERRY DOTSON, JR. | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 2013CA00024 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs assessed to appellant.


_____
HON. CRAIG R. BALDWIN


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE