[Cite as *State v. Jennings* , 2018-Ohio-4967.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-338 |
| | | (C.P.C. No. 14CR-5114) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Jordon M. Jennings, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 11, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee. **Argued:** *Michael P. Walton.*

**On brief:** *Priya D. Tamilarasan,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Jordon M. Jennings, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his motion to terminate commitment. For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} Jennings had a lengthy criminal history that predated the case below. In February 2005, under Franklin C.P. No. 04CR-7849, the trial court found Jennings not guilty by reason of insanity of one count of second-degree burglary and ordered Jennings committed to Twin Valley Behavioral Healthcare ("Twin Valley"). Eventually, on April 16, 2007, Jennings was placed on conditional release.

{¶ 3} Jennings was indicted on new charges on November 3, 2008, under Franklin C.P. No. 08CR-7876, and, after the trial court specifically found Jennings competent to

stand trial in this case, Jennings ultimately entered a guilty plea to one count of having a weapon while under disability in violation of R.C. 2923.13, a third-degree felony. The trial court sentenced Jennings, on September 14, 2009, to five years of community control.

{¶ 4} However, on April 21, 2010, the trial court revoked Jennings' community control due to a violation and sentenced him to three years' incarceration. During this sentence, the trial court suspended Jennings' conditional release under case No. 04CR-7849. Upon completion of his prison sentence, Jennings was released back to Twin Valley. In August 2013, the trial court conducted a hearing where it again placed Jennings on conditional release under case No. 04CR-7849.

{¶ 5} Approximately one year later, on August 7, 2014, the trial court conducted a hearing regarding Jennings' commitment pursuant to case No. 04CR-7849. The trial court determined Jennings was arrested on July 12, 2014 for four traffic-related offenses, including operating a vehicle while intoxicated, in violation of the terms of his conditional release. The trial court ordered Jennings be released back to Twin Valley and continue his conditional release.

{¶ 6} In the present case, by indictment filed September 25, 2014, the state charged Jennings with one count of having a weapon while under disability in violation of R.C. 2923.13, a third-degree felony. On February 18, 2015, the trial court found Jennings not guilty by reason of insanity and, on March 2, 2015, ordered Jennings to be committed to the Twin Valley's Civil Unit. The trial court issued several additional entries clarifying that the parties agreed that Jennings' commitment would not commence until October 17, 2016, the day that his supervision from case No. 04CR-7849 would expire.

{¶ 7} On March 21, 2018, Jennings filed a motion to terminate commitment, arguing the trial court no longer retained jurisdiction over him because more than three years had passed since the date the trial court found him not guilty by reason of insanity and ordered him to be committed to Twin Valley, the length of time for the maximum prison term for the underlying offense. The state opposed the motion. In a May 10, 2018 decision, the trial court denied Jennings' motion, finding it still retained jurisdiction over him and noting that the parties agreed that his commitment did not begin until October 17, 2016. Jennings timely appeals.

## II. Assignment of Error

{¶ 8}  Jennings assigns the following error for our review:

> The trial court committed reversible error by denying defendant's motion to terminate commitment and finding that the trial court retains jurisdiction over the appellant.

## III. Analysis

{¶ 9}  In his sole assignment of error, Jennings argues the trial court erred in failing to grant his motion to terminate commitment.  More specifically, Jennings asserts the trial court lost jurisdiction to continue his commitment on March 2, 2018, a date corresponding to the maximum possible prison sentence for the underlying offense calculated from the trial court's initial entry of March 2, 2015 finding him not guilty by reason of insanity and ordering him committed to Twin Valley.  An appellate court reviews de novo the question of whether a court of common pleas possesses subject-matter jurisdiction.  *State v. Conway*, 10th Dist. No. 12AP-412, 2013-Ohio-3741, ¶ 9, citing *Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-709, 2013-Ohio-2742, ¶ 9.

{¶ 10}  R.C. 2945.40 authorizes the commitment of an offender found not guilty by reason of insanity.  Once an offender has been committed pursuant to R.C. 2945.40, the trial court retains continuing jurisdiction over the offender subject to the terms of R.C. 2945.401.  *See State v. Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, ¶ 16.  As relevant, R.C. 2945.401(J) provides:

> (1) A defendant or person who has been committed pursuant to * * * [R.C. 2945.40] continues to be under the jurisdiction of the trial court until the final termination of the commitment. For purposes of division (J) of this section, the final termination of a commitment occurs upon * * * :
>
> * * *
>
> (b) The expiration of the maximum prison term or term of imprisonment that the defendant or person could have received if the defendant or person had been convicted of the most serious offense with which the defendant or person is charged or in relation to which the defendant or person was found not guilty by reason of insanity[.]

{¶ 11} Here, there is no dispute that Jennings was found not guilty by reason of insanity of one count of having a weapon while under disability, as stated in R.C. 2923.13, a third-degree felony. Pursuant to R.C. 2929.14(A)(3)(b), the maximum prison term that can be imposed for third-degree felony having a weapon while under disability is 36 months. The issue before us, then, is whether the 36-month time frame begins to run from the trial court's finding of not guilty by reason of insanity or whether it does not begin until the expiration of Jennings' commitment in case No. 04CR-7849, as the parties agreed and as the trial court ordered in its March 17, 2015 amended entry.

{¶ 12} There is nothing in the plain language of R.C. 2945.401(J)(1)(b) directly answering that question. Jennings argues that allowing the trial court to delay the start of his commitment in this case is akin to imposing consecutive "sentences" of commitment. Jennings relies on the Fifth District Court of Appeals' decision in *State v. Bai*, 5th Dist. No. 1999-CA-00152 (Nov. 1, 1999) for the proposition that a trial court cannot order consecutive terms of commitment.

{¶ 13} However, *Bai* is distinguishable from the present case. In *Bai*, the defendant entered two separate pleas of not guilty by reason of insanity under two separate indictments. The trial court, in a combined proceeding, ordered the defendant committed for the maximum possible prison term relative to the most serious offense in each case and ordered those terms of commitment to run consecutively. On appeal, the Fifth District concluded the plain language of R.C. 2945.401(J) allowed the term of commitment to be equal to the maximum prison sentence possible only for the most serious "offense," singular, with which the defendant was charged. Stated another way, *Bai* involved multiple pending indictments brought to the trial court before the trial court had the opportunity to enter a finding of not guilty by reason of insanity in any particular case. By contrast here, Jennings had been adjudicated not guilty by reason of insanity and ordered committed under case No. 04CR-7849 in 2005, more than nine years before the indictment in the present case, and the court neither combined the cases nor ordered the commitment to be run consecutively. Thus, we find *Bai* does not apply to the present case.

{¶ 14} Turning back to the plain language of the statute, there is nothing in R.C. 2945.401(J)(1)(b) that would prohibit a court from ordering the period of commitment to begin on a date different than the date the court makes the finding of not guilty by reason

of insanity.  Importantly, R.C. 2945.401(J)(1)(b) defines the duration of the trial court's continuing jurisdiction over a person who "has been *committed.*"  (Emphasis added.) Similarly, there is no requirement in R.C. 2945.40 requiring the date of commitment to begin on the same date as the adjudication of not guilty by reason of insanity.

{¶ 15} Though we are mindful that persons found not guilty by reason of insanity have not been "convicted" of a criminal offense, we nonetheless look to criminal conviction and sentencing by way of analogy.  *See State v. Tuomala*, 104 Ohio St.3d 93, 2004-Ohio-6239, ¶ 32 ("individuals who have been found not guilty by reason of insanity and who are committed to a mental health facility * * * have not been convicted of a crime nor sentenced therefor").  Generally, trial courts are afforded latitude in determining the start date of the execution of a sentence.  *See, e.g., State v. Fares*, 7th Dist. No. 15 MA 0201, 2016-Ohio-8555 (allowed defendant to serve sentence only on five consecutive weekends); *State v. Dawkins*, 8th Dist. No. 88022, 2007-Ohio-1006, ¶ 16 (trial courts have the ability to exercise discretion in delaying the start date for serving a sentence, including to give defendants "the opportunity to tend to personal and family matters before serving their sentences").

{¶ 16} Again, though we recognize commitment pursuant to R.C. 2945.40 is not the same as a criminal conviction and sentence, we find the analogy persuasive.  If a trial court has discretion to determine the start date of a criminal sentence, and if the length of a trial court's continuing jurisdiction pursuant to R.C. 2945.401(J)(1)(b) is the same as the maximum possible criminal sentence possible for the offense, then it follows that the trial court should similarly have discretion to determine the start date of commitment.  This is especially true where, as here, the parties all agreed on the delayed start date for the commitment.  Thus, because the parties agreed to the delayed start date and because nothing in R.C. 2945.401 expressly provides that the finding of not guilty by reason of insanity begins the period of continuing jurisdiction or prohibits a trial court from starting the commitment on a date other than the date of the trial court's finding that Jennings was not guilty by reason of insanity, we conclude the trial court did not err in denying Jennings' motion to terminate commitment.

{¶ 17} We overrule Jennings' sole assignment of error.

## IV.  Disposition

{¶ 18} Based on the foregoing reasons, the trial court did not err in denying Jennings' motion to terminate commitment.  Having overruled Jennings' sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, P.J., and DORRIAN, J., concur.

————————————